# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOHN R. MURRAY,

                Petitioner,      :      Case No. 2:19-cv-706

    - vs -                         District Judge James L. Graham
                                      Magistrate Judge Michael R. Merz

EMMA COLLINS[1], Warden,
  Pickaway Correctional Institution,

                                  :
                Respondent.

# REPORT AND RECOMMENDATIONS

With the assistance of counsel, Petitioner John Murray brought this habeas corpus action under 28 U.S.C. § 2254 to obtain relief from his conviction in the Court of Common Pleas of Franklin County on three counts of aggravated trafficking in Oxycodone and one count of aggravated possession of drugs (Petition, ECF No. 1, PageID 2, ¶ 5.) The case is ripe for decision on the merits on the Petition, the State Court Record (ECF No. 5), the Return of Writ (ECF No. 6), and Petitioner's Reply (ECF No. 18).

The Magistrate Judge reference in this case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District. The case remains assigned to District Judge Graham for final disposition.

---

[1] The Attorney General represents that Emma Collins is the current Warden at Pickaway Correctional Institution and therefore the proper Respondent in this case. The caption is ordered amended as shown here.

**Litigation History**

Murray was indicted by the Franklin County grand jury on drug charges. In September 2015 a jury found him guilty of three counts of aggravated trafficking in drugs and one count of the lesser-included offense of possession of drugs. He was then sentenced to an aggregate term of eight years' imprisonment. On direct appeal the Tenth District (Franklin County) Court of Appeals affirmed the judgment. *State v. Murray,* 2017-Ohio-949 (10th Dist. Mar. 16, 2017), appellate jurisdiction declined, 2017-Ohio-8842 (Dec. 6, 2017). After the Supreme Court of Ohio denied, review, Murray filed the instant Petition on raising one ground for relief:

> **Ground One**: Petitioner was deprived of his 6th and 14th Amendment rights to the effective assistance of counsel due to the deficient performance of counsel.
>
> **Supporting Facts:** Counsel was unprepared for trial of this matter, asserting and/or trying to present irrelevant evidence, failed to assess issues regarding Petitioner's competency and/or sanity, failing to understand basic defense principles, failed and/or did not completely evaulte [sic] the evidence against Petitioner, failed to advise properly regarding the offer made prior to trial, and failed to negotiate a plea resolution with the prosecutor, all of which contributed to Petitioner's detriment.

(Petition, ECF No. 1, PageID 6.)

# Analysis

In his sole Ground for Relief, Murray claims he received constitutionally ineffective assistance of trial counsel, alleging several ways in which counsel allegedly performed deficiently. The Petition asserts that this claim was raised on direct appeal (Petition, ECF No. 1, PageID 7). Respondent asserts that the only portion of this ground for relief raised on appeal was that" trial

2

counsel presented an irrelevant and legally impermissible defense." (Return, ECF No. 6, PageID 1556). As a result, Respondent asserts the other sub-claims are either unexhausted or procedurally defaulted[.]" *Id*. at PageID 1556-57. Petitioner's Reply asserts (without citation to the record) that "[t]he issue of ineffective assistance of counsel was raised in both Plaintiff's direct appeal and his Motion in Support of Jurisdiction to the Ohio Supreme Court. Therefore, the matter is exhausted for purpose of habeas review." (ECF No. 18, PageID 1583).

**The Appealed Ineffective Assistance Claim**

On appeal to the Tenth District, Murray's ineffective assistance of trial counsel assignment of error reads

> Appellant's counsel was ineffective in two primary ways. One, she presented an irrelevant and legally impermissible defense despite being warned by the court before-hand that she could not present such a defense. Two, she elicited unnecessary character evidence from defense witnesses knowing that it would open the door for unsavory character evidence about her client.

(Appellant's Brief, State Court Record, ECF No. 5, PageID 68). Only the first of these two claims was carried forward to the Supreme Court of Ohio (Memorandum in Support of Jurisdiction, State Court Record, ECF No. 5, PageID 142).

Murray's ineffective assistance of trial counsel claim was his fourth assignment of error on direct appeal and the Tenth District decided it as follows:

> **VI. Fourth Assignment of Error — Ineffective Assistance of Counsel**
>
> **{¶ 42}** In his fourth and final assignment of error, Murray argues he was deprived of his constitutional right to the effective assistance of counsel.

**{¶ 43}** In order to prevail on a claim of ineffective assistance of counsel, Murray must satisfy a two-prong test. First, he must demonstrate that his counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). This first prong requires Murray to show that his counsel committed errors which were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* If Murray can so demonstrate, he must then establish that he was prejudiced by the deficient performance. *Id.* To show prejudice, Murray must establish there is a reasonable probability that, but for his counsel's errors, the result of the trial would have been different. A "reasonable probability" is one sufficient to undermine confidence in the outcome of the trial. *Id.* at 694.

**{¶ 44}** In considering claims of ineffective assistance of counsel, courts indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 101, 848 N.E.2d 810. Murray contends his trial counsel was ineffective in (1) presenting an impermissible defense despite the trial court warning counsel she could not present such a defense, and (2) eliciting unnecessary character evidence from defense witnesses which led to the admission of unfavorable character evidence from the state.

**{¶ 45}** Before trial, the trial court noted defense counsel's objection to its ruling that Murray's physician would not be allowed to testify that Murray was "just out of his mind" at the time of the offenses. (Tr. at 34.) Just prior to opening statements, defense counsel announced her intention to argue that her client did not know right from wrong at the time of the offenses. The trial court informed defense counsel that she could not argue that Murray's intoxication rendered him not guilty and explained that its prior ruling regarding defense counsel's request for an expert witness was related to the intoxication argument. This exchange prompted the state to note on the record that defense counsel was "in very dangerous waters of ineffective assistance of counsel" because defense counsel "has no idea what she's been talking about half the time" (Tr. at 96.) The state also noted its concern that the case would "automatically * * * be reversed just from what [defense counsel] is saying." (Tr. at 96.) The trial court then informed defense counsel it was not going to delay the matter so that defense counsel could seek a psychological evaluation of Murray, reminding defense counsel again that intoxication was not a defense.

{¶ 46} Subsequently, but still prior to opening statements, defense counsel moved for a mistrial on the basis that "Murray may want to modify his plea to a not guilty by reason of temporary insanity." (Tr. at 106.) The trial court denied that motion, noting more than one year had passed since Murray's indictment, and stated it would not grant a mistrial just because "the defense is thinking maybe [insanity is] a defense that I should have offered close to a year ago." (Tr. at 109.)

{¶ 47} Despite this long discussion prior to opening statements, defense counsel proceeded to call three character witnesses to testify about Murray's state of mind during the time of the offenses. Murray argues this testimony was not only irrelevant, but it opened the door for the state to cross-examine witnesses about unfavorable examples of Murray's character. Cumulatively, Murray argues his counsel's entire performance at trial "provided nothing of value to [the] jury." (Murray Brief at 23.)

{¶ 48} Despite Murray's arguments, we need not determine whether defense counsel's attempts to introduce a state of mind defense or presentation of character witnesses at trial amounted to a deficient performance because, even if it was, Murray does not show any prejudice from counsel's performance at trial sufficient to satisfy the second prong of the *Strickland* test. *State v. Hughes*, 10th Dist. No. 14AP-360, 2015-Ohio-151, ¶ 60 (noting that "while counsel may not have exercised the best judgment * * *, appellant cannot demonstrate that this decision, even if indicative of a deficient performance, amounted to prejudice under the second prong of *Strickland*"), citing *Conway* at ¶ 102. The evidence the state presented against Murray was sufficient to sustain the jury's verdicts, and Murray does not explain how his trial counsel's performance would have changed the outcome.

{¶ 49} Because Murray is unable to demonstrate the requisite prejudice under the second prong of *Strickland*, he has not established a claim of ineffective assistance of counsel. Accordingly, we overrule Murray's fourth and final assignment of error.

*State v. Murray*, 10th Dist. Franklin No. 16AP-16, 2017-Ohio-949 (Mar. 16, 2017).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the

5

United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Deference is especially required with ineffective assistance of trial counsel claims.

> "A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fair-minded jurists could disagree" on the correctness of the state court decision," *Harrington v. Richter,* 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). The state court decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall,* 572 U.S. [415], ___ (2014), slip op. at 4.
>
> When the claim at issue is one for ineffective assistance of counsel, moreover, AEDPA review is "doubly deferential," *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011), because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *Burt v. Titlow*, 571 U.S. ___, ___ (2013), slip op. at 9)(quoting *Strickland v, Washington*, 466 U.S. 668, 690 (1984); internal quotation marks omitted). In such circumstances, federal courts are to afford "both the state court and the defense attorney the benefit of the doubt."  at ___ (slip op. at 1).

*Woods v. Etherton*, 578 U.S. ___, 136 S. Ct. 1149, 1151 (2016) (per curiam; unanimous), reversing *Etherton v. Rivard*, 800 F.3d 737 (6th Cir. 2015).

Here the Tenth District recognized and applied the controlling Supreme Court precedent, *Strickland*. In his Reply Murray makes no effort to show that the Tenth District's decision on the second prong of Strickland is objectively unreasonable. Instead, he argues exclusively the deficient performance prong of *Strickland* (Reply, ECF No. 18, PageID 1584-87). On its face the Tenth District's decision does not appear to be objectively unreasonable. Despite his mental state,

Murray entered into the drug transactions in question, sometimes with a middleman to attempt to protect his identity. He must also have entered into transactions to obtain the drugs he sold. Presentation of evidence about his mental state would not have obviated that proof. Unlike homicide or assault, drug trafficking on several different occasions is not the sort of crime to be explained away by passion or depression.

The Tenth District's decision on the ineffective assistance of trial counsel claim actually presented to it is not an objectively unreasonable application of *Strickland*.

**Ineffective Assistance of Trial Counsel Claims Not Presented on Appeal**

The Supporting Facts for Petitioner's sole ground for relief read:

> Counsel was unprepared for trial of this matter, asserting and/or trying to present irrelevant evidence, failed to assess issues regarding Petitioner's competency and/or sanity, failing to understand basic defense principles, failed and/or did not completely evaulte [sic] the evidence against Petitioner, failed to advise properly regarding the offer made prior to trial, and failed to negotiate a plea resolution with the prosecutor, all of which contributed to Petitioner's detriment.

(Petition, ECF No. 1, PageID 6.)

In addition to the claim presented on direct appeal, these Supporting Facts could be read as make the sub-claims of ineffective assistance of trial counsel that counsel (1) failed to understand basic defense principles, (2) failed to evaluate the evidence against Petitioner, (3) failed to properly advise Murray on a plea offer, and (4) failed to negotiate a plea resolution. Because these claims are vaguely pleaded, they are subject to differing consideration depending on whether they could or could not have been raised on direct appeal.

7

To the extent these are claims which could have been raised on direct appeal because they were exemplified in the trial record, they are barred by *res judicata* from presentation either here or in any state court remedy for the conviction. Constitutional claims including ineffective assistance of trial counsel claims which are supported by the appellate record must be raised on direct appeal and will be barred by *res judicata* if attempted to be raised later in post-conviction. *State v. Reynolds*, 79 Ohio St. 3d 158, 161 (1997); *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994); *State v. Lentz*, 70 Ohio St. 3d 527 (1994); *In re T.L.*, 8th Dist. Cuyahoga No. 100328, 2014-Ohio-1840, ¶ 16 (May 1, 2014). Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994) (citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001) (Smith, J.).

To the extent these are claims dependent on evidence outside the appellate record, they could have been brought in a petition for post-conviction relief under Ohio Revised Code § 2953.21. Murray has neve filed such an application and Respondent argues this is an unexhausted state court remedy which Murray must pursue before brining his claims here. However, the Magistrate Judge finds that's approach would be futile because the time within which such a petition could have been filed expired one year from the filing of the transcript on direct appeal, a date which obviously occurred before the Tenth District entered judgment in March 2017. Because Murray failed to file a post-conviction petition within the time allowed by law, he has now procedurally defaulted those claims which could have been supported by evidence outside the record. He has not offered any excusing cause or prejudice for that default.

Accordingly, the Magistrate Judge concludes any claims of ineffective assistance of trial counsel which could have been brought either on direct appeal or by petition for post-conviction relief but which were not have now been procedurally defaulted.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 6, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).