# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOHN R. MURRAY,

        Petitioner,    :    Case No. 2:19-cv-706

- vs -    District Judge James L. Graham
    Magistrate Judge Michael R. Merz

EMMA COLLINS, Warden,
  Pickaway Correctional Institution,

                              :
        Respondent.

## OPINION AND ORDER

With the assistance of counsel, Petitioner John Murray brought this habeas corpus action under 28 U.S.C. § 2254 to obtain relief from his conviction in the Court of Common Pleas of Franklin County on three counts of aggravated trafficking in Oxycodone and one count of aggravated possession of drugs (Petition, ECF No. 1, PageID 2, ¶ 5.) The Petition pleads one ground for relief:

> **Ground One**: Petitioner was deprived of his 6th and 14th Amendment rights to the effective assistance of counsel due to the deficient performance of counsel.
>
> **Supporting Facts:** Counsel was unprepared for trial of this matter, asserting and/or trying to present irrelevant evidence, failed to assess issues regarding Petitioner's competency and/or sanity, failing to understand basic defense principles, failed and/or did not completely evaulte [sic] the evidence against Petitioner, failed to advise properly regarding the offer made prior to trial, and failed to negotiate a plea resolution with the prosecutor, all of which contributed to Petitioner's detriment.

*Id.,* PageID 6.

The Magistrate Judge filed a Report and Recommendations recommending dismissal of the Petition with prejudice ("Report," ECF No. 20). Petitioner has now filed Objections (ECF No. 25).

As required by Fed.R.Civ.P. 72(b)(3), the District Judge has reviewed *de novo* those portions of the Report to which specific objection has been made and now rules on those Objections.

In his sole Ground for Relief, Murray claimed he received constitutionally ineffective assistance of trial counsel, alleging several ways in which counsel allegedly performed deficiently. The Petition asserted that this claim was raised on direct appeal (Petition, ECF No. 1, PageID 7), but Respondent argued that the only portion of this ground for relief raised on appeal was that "trial counsel presented an irrelevant and legally impermissible defense." (Return, ECF No. 6, PageID 1556). As a result, Respondent asserted the other sub-claims were either unexhausted or procedurally defaulted[.]" *Id*. at PageID 1556-57. Petitioner's Reply asserted (without citation to the record) that "[t]he issue of ineffective assistance of counsel was raised in both Plaintiff's direct appeal and his Motion in Support of Jurisdiction to the Ohio Supreme Court. Therefore, the matter is exhausted for purpose of habeas review." (ECF No. 18, PageID 1583).

On appeal to the Tenth District, Murray's ineffective assistance of trial counsel assignment of error reads

> Appellant's counsel was ineffective in two primary ways. One, she presented an irrelevant and legally impermissible defense despite being warned by the court before-hand that she could not present such a defense. Two, she elicited unnecessary character evidence from defense witnesses knowing that it would open the door for unsavory character evidence about her client.

(Appellant's Brief, State Court Record, ECF No. 5, PageID 68). Only the first of these two claims

was carried forward to the Supreme Court of Ohio (Memorandum in Support of Jurisdiction, State Court Record, ECF No. 5, PageID 142).

Ineffective assistance of trial counsel claim was Murray's fourth assignment of error on direct appeal, decided by the Ohio Tenth District Court of Appeals on the merits. *State v. Murray*, 2017-Ohio-949 (Ohio App. 10th Dist. Mar. 16, 2017). The Report quoted that decision at length and concluded it was not an objectively unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984), and was therefore entitled to deference under 28 U.S.C. § 2254(d)(1)(Report, ECF No. 20, PageID 1591-96).

To the extent the pleaded Supporting Facts for the sole Ground for Relief could be read as stating additional claims of ineffective assistance of trial counsel not raised on direct appeal, the Magistrate Judge found they were procedurally defaulted, either by failure to raise them on direct appeal or by failure to include them in a petition for post-conviction relief under Ohio Revised Code § 2953.21. *Id.* at PageID 1596-98.

Murray objects that his ineffective assistance of trial counsel claim should have been evaluated by the state courts under *United States v. Cronic,* 466 U.S. 648, 659 (1984), rather than under Strickland (Objections, ECF No. 25, PageID 1605-1607.)  In addition he claims any procedural default is excused under *Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014), because "Murray was not advised by his appellate counsel of his right to post-conviction relief under Ohio Revised Code § 2953.21." *Id.* at PageID 1607-08.

Murray was represented on appeal by attorney Robert Barnhart, a different attorney from the person who represented him at trial.  As noted above, his ineffective assistance of trial counsel claim was his fourth assignment of error.  In that portion of his brief arguing the ineffectiveness claim, he relied solely on *Strickland* and on *Wiggins v. Smith*, 539 U.S. 510 (2003)(Merit Brief of

3

Appellant, State Court Record, ECF No. 5, PageID 67-68.) There is no mention of *Cronic*. Murray did not argue the ineffective assistance of trial counsel assignment of error in his Reply Brief (State Court Record, ECF No. 5, PageID 112). Nor did Murray rely on *Cronic* at all in his briefing in this Court prior to the Objections (See Reply, ECF No. 18, relying entirely on *Strickland*.)

A complete denial or absence of counsel at a critical stage of the proceedings is *per se* ineffective, without proof of prejudice. *Mitchell v. Mason*, 257 F.3d 554 (6th Cir., 2001), relying on *United States v. Cronic,* 466 U.S. 648 (1984); and *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). However, the Supreme Court has been critical of Sixth Circuit extensions of Cronic. *Bell v. Cone,* 535 U.S. 685 (2002), overturned Sixth Circuit reliance on *Cronic* where counsel made no closing penalty-phase argument in a capital case. Absence of counsel during testimony of a government witness whose testimony is irrelevant under the defendant's theory of the case is not per se ineffective assistance of trial counsel under *Cronic*. *Woods v. Donald*, 575 U.S. 312 (2015)(GVR), reversing *Donald v. Rapelje*, 580 Fed. Appx. 277 (6th Cir. 2014). Murray has cited no Supreme Court precedent finding a denial of counsel under the *Cronic* standard when counsel was present throughout the case.

To the extent the Magistrate Judge found some of his sub-claims procedurally defaulted, Murray relies on ineffective assistance of appellate counsel under *Gunner v. Welch, supra*, to excuse those defaults. But *Gunner* does not replace *Edwards v. Carpenter*, 529 U.S. 446 (2000, which held ineffective assistance of counsel cannot be presented as cause if it was itself procedurally defaulted in the state courts, unless one of the standard excuses for that procedural default exists, to wit, actual innocence or cause and prejudice. Moreover, there is no evidence on the record that appellate counsel did not advise Murray of his post-conviction rights.

**Conclusion**

Having reviewed Murray's Objections de novo, the Court finds that they are not well-taken and they are hereby OVERRULED. The Magistrate Judge's Report is ADOPTED and the Petition is ordered DISMISSED WITH PREJUDICE. The Clerk shall enter judgment to that effect.

Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and that the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

Date: February 5, 2020.

                                                                             s/James L. Graham
                                                                             James L. Graham
                                                                             United States District Judge